```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SALVATORE ISABELLA,

                Plaintiff,

       -against-                         MEMORANDUM & ORDER
                                         06-CV-2224(JS)(MLO)
SELDEN FIRE DISTRICT, SELDEN FIRE
DEPARTMENT, SELDEN FIRE DISTRICT
COMMISSIONER ROBERT SANTORA, SELDEN
FIRE DISTRICT COMMISSIONER JOSEPH
CALLARI, SELDEN FIRE DISTRICT
COMMISSIONER THOMAS MCGREGOR, SELDEN
FIRE DISTRICT COMMISSIONER JOSEPH
PARENTE, SELDEN FIRE DISTRICT
COMMISSIONER JAMES SPATAFORA, SELDEN
FIRE CAPTAIN MICHAEL MATTEO, SELDEN
FIRE CHIEF WILLIAM XIKIS, in their
individual and official capacity,

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:       Michael V. Devine, Esq.
                     Law Offices of Michael V. Devine
                     1000 Main Street
                     Port Jefferson, New York 11777

For Defendants:      Jeffrey B. Siler, Esq.
                     Siler & Ingber, LLP
                     1399 Franklin Avenue, Suite 103
                     Garden City, NY 11530

                     James J. Keefe, Esq.
                     James J. Keefe PC
                     1399 Franklin Avenue, Suite 201
                     Garden City, NY 11530
```

SEYBERT, District Judge:

    Before the Court are the parties' dueling pre-trial summary judgment motions. For the following reasons, Defendants' summary judgment motion is DENIED, and Plaintiff's summary judgment motion (which seeks summary judgment on liability, but not damages)

is GRANTED IN PART.

BACKGROUND

In January 2003, the District hired Plaintiff as a maintenance mechanic. On June 13, 2005, the District terminated him, without first providing him with a pre-termination hearing.

In July 2009, Defendants first moved for summary judgment. Defendants argued that Plaintiff was a non-permanent employee who was employed in a non-competitive position. Thus, Defendants contended that, under the New York Civil Service Law, they had the right to fire Plaintiff without cause and without first affording him a pre-termination hearing. In January 2010, the Court largely denied Defendants' summary judgment motion, finding that issues of fact existed as to whether Mr. Isabella was a permanent employee, and whether he was employed in a competitive or non-competitive class. See Docket No. 72.

Shortly before trial, the parties stipulated that Plaintiff: (i) was a permanent employee; (ii) employed in a non-competitive class; who (iii) qualified as an "exempt volunteer firefighter" under New York Civil Service Law § 75(1)(b). Also, upon the Court's inquiry, the parties did not dispute that Plaintiff's mechanic position fell within the "classified service," as defined by New York Civil Service Law §§ 35, 40. Having reached these agreements, both parties moved for summary judgment.

Plaintiff contends that, under § 75's plain text, as "a

person holding a position by permanent employment or appointment in the classified service" who qualifies as an "exempt volunteer firefighter," he could not be fired "except for incompetency or misconduct shown after a hearing." Having not been afforded a hearing, Plaintiff surmises that he's entitled to summary judgment on his entire case.

Defendants now concede all these relevant facts. But Defendants contend that Plaintiff had an affirmative obligation, when first told of his termination, to declare his status as an exempt volunteer firefighter and invoke his § 75(1)(b) rights. Having not done so, Defendants argue that Plaintiff forever waived them. The Court disagrees. Defendants' argument depends on People ex rel. Robesch v. Queens Borough, 190 N.Y. 497, 83 N.E. 597 (N.Y. 1908), and its progeny. But, contrary to Defendants' interpretation, Robesch does not require a fired civil servant to formally invoke his exempt volunteer firefighter status at the time of his termination. Instead, Robesch sets forth only the more modest proposition that the decision-maker must have "notice of the fact that the [employee] was entitled to the protection of the statutory provision." 190 N.Y. at 499. Here, there is no legitimate dispute that the Selden Fire District Commissioners knew, when they fired Plaintiff, that he had served the Selden Fire District as an exempt volunteer firefighter for many, many years. Consequently, Robesch does not apply.

3

Instead, the Court understands § 75(1)(b) according to its plain text, and reads the statute as applying its "protections to all individuals employed in classified civil service positions who fit within its definitions." de Zarate v. Thompson, 624 N.Y.S.2d 281, 282 213 A.D.2d 713 (2d Dep't 1995). It follows then that, because Plaintiff falls within § 75(1)(b)'s scope, Defendants could not fire him "except for incompetency or misconduct shown after a hearing." N.Y. Civ. Serv. L. § 75. So it follows that the Court must partially GRANT Plaintiff summary judgment on his two remaining causes of action[1], which are both predicated on Defendants' failure to comply with § 75: (i) a federal due process claim[2]; and (ii) a New York Civil Service Law claim. Specifically, the Court GRANTS Plaintiff summary judgment on these claims insofar as it must find that Defendant violated Plaintiff's due process and Civil Service Law rights by not affording him a pre-termination hearing. Despite Plaintiff's request, the Court does not grant summary judgment on the remaining question of whether Defendants further violated Plaintiff's due process and statutory rights by terminating him for a reason other than "incompetency or misconduct," because triable issues of fact on this question

---

[1] At the December 30, 2010 conference, Plaintiff voluntarily discontinued his First Amendment and defamation/slander claims.

[2] See Dwyer v. Regan, 777 F.2d 825, 830 (2d Cir. 1985) (the U.S. Constitution's due process clause protects a New York civil servant's "property interest in continued employment," as provided in New York Civil Service Law § 75).

remain.  This issue, along with the issue of damages, is for the jury to decide.

                              SO ORDERED.

                              Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           January 11, 2011